## IN THE UNITED STATE DISTRICT COURT

## STATE OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **ALAPATI PAUL SCHWENKE,**<br><br>                                   **Plaintiffs,**<br><br>            **vs.**<br><br>**STATE OF UTAH, E. NEAL GUNNARSON, Assistant Attorney General, MARK SHURTLEFF Attorney General and JAMES YOUNG,**<br><br>                                   **Defendants.** | **AMENDED[1]**<br>**REPORT & RECOMMENDATION**<br><br>**Case No.  2:17-cv-00833**<br><br>**District Court Judge David Nuffer**<br>**Magistrate Judge Dustin B. Pead** |

## <u>INTRODUCTION</u>

On August 23, 2017, District Court Judge David Nuffer referred the above entitled matter to Magistrate Judge Dustin pursuant to a 28 U.S.C. §636 (b)(1)(B) referral. (ECF No. 14.) Under Judge Nuffer's referral, the following matters are currently pending before this court: (1) *pro se* Plaintiff Alapati Paul Schwenke's (Plaintiff or Schwenke) motion for partial summary judgment (ECF No. 17); (2) Defendants the State of Utah (State of Utah), E. Neal Gunnarson (Gunnarson) and Mark Shurtleff's (Shurtleff) (collectively State Defendants) motion to dismiss (ECF No. 9); and (3) State Defendants' motion to stay response. (ECF No. 19.)

On July 21, 2017, State Defendants filed a Notice of Removal pursuant to 28 U.S.C. §§ 1441(a), 1443 and 1446. (ECF No. 2.) As a result, Plaintiff's civil action (*Alapati Paul Schwenke*

---

[1] The Court's Report & Recommendation was amended to include information about the parties' ability to object. *See* Report & Recommendation, pg. 21.

*v. State of Utah et. al.*, Case No. 170500102), was removed from state court to federal District Court (ECF No. 2) and Plaintiff's amended petition for freedom and damages (ECF No. 16-5) along with his pending motion for partial summary judgment (ECF No. 17) were placed on the federal court docket.[2]

On July 31, 2017, State Defendants filed a motion to dismiss Schwenke's amended petition for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. (ECF No. 9.) Plaintiff has not filed an opposition to State Defendants' motion, and the time within which to do so has expired. *See* DUCivR 7-1(b)(3)(B).

## BACKGROUND

The claims raised in Schwenke's amended petition stem from his state court criminal convictions in two cases: *State of Utah v. Alapati Paul Schwenke*, Case No. 031902460, Third District Court, Salt Lake County (the "Salt Lake County case") and *State of Utah v. A. Paul Schwenke*, Case No. 051700055, Fourth District Court, Millard County (the "Millard County case"). (ECF No. 9-2, ECF No. 9-11.) Although lengthy, the court finds it appropriate to address Plaintiff's protracted litigation history related to both of his criminal convictions.

### Salt Lake County Case

In 2005, Schwenke was convicted in Salt Lake County for securities fraud, attempted theft by deception, communications fraud and a pattern of unlawful activity, and sentenced to an indeterminate prison term of one to fifteen years to run concurrently with an indeterminate term not to exceed five years. (ECF No. 9-2.) Plaintiff appealed arguing violation of double jeopardy

---

[1]Plaintiff's amended complaint and motion for partial summary judgment were initially not part of the federal docket (ECF No. 2), but were later added once the omission was discovered. (ECF No. 16, ECF No. 17.)

and claiming that the evidence presented by the state was insufficient to support his conviction. On November 1, 2007, the Utah Court of Appeals affirmed Schwenke's conviction and the Utah Supreme Court later denied certiorari review. (ECF No. 9-3); *see State v. Schwenke*, 2007 UT App 345 (unpublished); *State v. Schwenke,* 187 P.3d 232 (Utah 2008), *cert. denied*.

Thereafter, Plaintiff filed several post-conviction petitions. On August 2, 2012, the Utah Court of Appeals summarily affirmed the trial court's dismissal of Schwenke's factual innocence petition and the Utah Supreme Court denied certiorari. (ECF No. 9-4); *Schwenke v. Utah,* Case No. 120902257. In September 2013, Schwenke filed a petition for post-conviction relief under Utah's Post-Conviction Remedies Act. (ECF No. 9-6); *Schwenke v. Utah,* Case No. 130906000; *see* Utah Code Ann. §78B-9-101 to 104.  The Utah Court of Appeals summarily affirmed the state court's dismissal of Plaintiff's petition, and the Utah Supreme Court denied certiorari. (*Id.*)

On February 2, 2014, Plaintiff filed a petition for writ of habeas corpus. (ECF No. 9-7); *Schwenke v. Utah,* Case No. 140901373. After review, the district court denied Plaintiff's complaint and entered an order labeling him a "vexatious litigant" and prohibiting Schwenke from filing further petitions without the assistance of counsel. (ECF No. 9-8); *Schwenke v. Utah*, Case No. 140901373. Thereafter, Plaintiff filed a second habeas petition on April 1, 2014, and a third petition on May 14, 2014. (ECF No. 9-9); *Schwenke v. Utah,* Case No. 14043990; (ECF No. 9-10); *Schwenke v. Utah,* Case No. 140903289. The state court's dismissal of both petitions was affirmed by the Utah Court of Appeals and Schwenke did not seek further review. (ECF No. 9-10.)

**Millard County Case**

In 2007, Plaintiff was convicted of securities fraud in Millard County and, on May 21, 2007, sentenced to an indeterminate prison term of one to fifteen years to run consecutive with his Salt Lake County sentence. (*Id.* at 32-33.) Schwenke appealed. On November 27, 2009, the Utah Court of Appeals affirmed his conviction and on April 22, 2010, the Utah Supreme Court denied certiorari review. *State v. Schwenke* 222 P.3d 768 (Utah Ct. App. 2009); *State v. Schwenke,* 230 P.3d 127 (Utah 2010), *cert. denied.*

In response, Schwenke filed several unsuccessful post-conviction petitions. The District Court dismissed Plaintiff's habeas writ and the Utah Court of Appeals affirmed the dismissal on January 20, 2012. (ECF No. 9-12); *Schwenke v. Utah,* Case No. 110700044; *Schwenke v. State*, 269 P.3d 1004 (Utah Ct. App. 2012). Further, the Utah Court of Appeals affirmed dismissal of Schwenke's petition for determination of factual innocence and the Utah Supreme Court denied certiorari review. (ECF No. 9-13); *Schwenke v. Utah*, Case No. 120700036; *Schwenke v. State*, 295 P.3d 716 (Utah Ct. App. 2013); *Schwenke v. State,* 304 P.3d 469 (Utah 2013), *cert. denied.*

**Federal Court Petitions**

On June 18, 2008, Plaintiff filed a federal petition for writ of habeas corpus challenging his conviction in the Salt Lake County case. (ECF No. 9-15); *see Schwenke v. Utah*, 2:08-cv-00467-TS, United States District Court, District of Utah. On September 15, 2011, the court denied Schwenke's petition and Plaintiff did not appeal the district court's ruling. (ECF No. 9-16, ECF No. 9-14); *Schwenke v. Utah* 2011 WL 4345196 (D. Utah Sept. 15, 2011) (unpublished).

4

On June 20, 2014, Schwenke filed a second habeas writ. (ECF No. 9-17); *Schwenke v. Utah,* Case No. 2:14-cv-00750-DB, United States District Court, District of Utah. The federal district court dismissed the petition for lack of jurisdiction on March 17, 2016, and Schwenke did not appeal dismissal. (ECF No. 9-18, ECF No. 9-17); *Schwenke v. Utah,* 2016 WL 1069060 (D. Utah, March 17, 2016) (unpublished).

**Notice Of Claim**

Plaintiff lodged a Notice of Claim with the Litigation Division of the Utah Office of the Attorney General on August 3, 2014. (ECF No. 9-19, ECF 9-20.) In his claim, Defendant asserts that he was falsely prosecuted by State Defendants who "deliberately fabricated, and actually manufactured false evidence" against him. (ECF No. 9-19, ECF No. 9-20.)

**Plaintiff's Amended Petition For Freedom And Damages**

On July 3, 2017, Schwenke filed his pending amended petition for freedom and damages. (ECF No. 16-5.) As set forth in his petition, Plaintiff states four causes of action for: (1) violation of his federal constitutional right against double jeopardy; (2) violation of his state constitutional right against double jeopardy; (3) false prosecution and imprisonment; and (4) false charge of securities fraud. (ECF No. 16-5.) More specifically, Schwenke asserts that Defendant Gunnarson made improper arguments and brought false criminal charges against Schwenke in both the Salt Lake County and Millard County cases (ECF No. 16-5 at ¶¶ 3-4, 7, 19, 25, 28, 33), Defendant Shurtleff brought false criminal charges against Schwenke in the Sale Lake County case (ECF No. 16-5 at ¶25) and Plaintiff's conviction in the Salt Lake County case violated his right to protection against double jeopardy. (ECF No. 16-5 at ¶¶9-22.)

## STANDARDS OF REVIEW

### Motion To Dismiss Pursuant To Rule 12(b)(6)

When considering a motion to dismiss under Rule 12(b)(6), all well-pled factual

allegations are accepted as true and viewed in a light most favorable to the non-moving party.

*Gadd v. South Jordan City,* 2016 U.S. Dist. LEXIS 35089 *6 (D. Utah 2016) (*citing David v. City &

Cnty. of Denver,* 101 F.3d 1344, 1352 (10th Cir. 1996).

To withstand dismissal, a plaintiff must plead both a viable legal theory and provide "enough

allegations of fact, taken as true, 'to state a claim to relief that is plausible on its face.'" *Kansas Penn

Gaming, LLC v. Collins,* 656 F.3d 1210, 1214 (10th Cir. 2011) (*quoting Bell Atl. Corp. v. Twombly,*

550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). Plaintiff's reliance upon "'labels and

conclusions'" or "'a formulaic recitation of the elements of a cause of action will not suffice.'"

*Id*. Further, "[d]etermining whether a complaint states a plausible claim for relief will, . . . be a

context-specific task that requires the reviewing court to draw on its judicial experience and

common sense." *Ashcroft v. Iqbal,* 556 U.S. 662, 679, 129 St. Ct. 1937, 173 L. Ed. 2d 868

(2009).

### Judicial Notice Of Matters Outside The Pleadings

A court is required to convert a motion to dismiss to a motion for summary judgment if it

considers matters that are outside the scope of the pleadings. *See* Fed. R. Civ. P. 12(d) ("If, on a

motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not

excluded by the court, the motion must be treated as one for summary judgment under Rule

56."). A court is not, however, required to convert a motion to summary judgment based upon its consideration of public records for which the court takes judicial notice. *See Tal v. Hogan,* 453 F.3d 1244, 1264 n. 24 (10th Cir. 2006) (*citing Van Woudenberg ex. Rel. Foor v. Gibson*, 211 F.3d 560, 568 (10th Cir. 2000).

"Facts subject to judicial notice may be considered in a Rule 12(b)(6) motion without converting the motion to dismiss into a motion for summary judgment. This allows the court to take judicial notice of its own files and records as well as facts which are a matter of public record." *Id.*; *see also United States v. Ahidley,* 486 F.3d 1184, 1192 n. 5 (10th Cir. 2007) (taking notice of another court's publicly filed records "concerning matters that bear directly upon the disposition of the case at hand"); *Van Woudenberg ex. Rel. Foor v. Gibson,* 211 F.3d 560, 568 (10th Cir. 2000), *abrogated on other grounds by McGregor v. Gibson,* 248 F.3d 946, 955 (10th Cir. 2001) (court may "take judicial notice of its own files and records, as well as [other] facts which are a matter of public record."); *St. Louis Baptist Temple v. Fed. Deposit Ins. Corp.,* 605 F.2d 1169, 1172 (10th Cir. 1979) ("[I]t has been held that federal courts, in appropriate circumstances, may take notice of proceedings in other courts, both within and without the federal judicial system if those proceedings have a direct relation to matters at issue.") Public records may be "considered to show their contents, not to prove the truth of matters asserted therein." *Tal* 453 F.3d at 1264 n. 24 (*citing Oxford Asset Mgmt., Ltd v. Jaharis,* 297 F.3d 1182, 1188 (11th Cir. 2002).

### Pro Se Filings

A court shall construe a pro se litigant's pleadings "liberally" and hold them "to a less stringent standard than formal pleadings drafted by lawyers." *Riddle v. Mondragon*, 83 F.3d

1197, 1202 (10th Cir. 1996). Of course, a "broad reading of [P]laintiff's complaint does not relieve [him] of the burden of alleging sufficient facts on which a recognized legal claim [can] be based." *Riddle* 83 F.3d at 1202 (10th Cir. 1996) (*quoting Hall v. Bellmon,* 935 F.2d 1106, 1110) (10th Cir. 1991). Thus, it is not the proper function of a court to "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf" *Whitney v. New Mexico,* 113 F.3d 1170, 1173-34 (10th Cir. 1997), and the court may not assume "the role of advocate for Plaintiff or any other pro se litigant." *Shoemaker v. Dawson*, 2012 U.S Dist. LEXIS 85591 *5 (D. Utah 2012) (*citing Hall,* 935 F.2d at 1110) (10th Cir. 1991).

## PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

On June 12, 2017, Schwenke filed a motion for partial summary judgment asking the court to find his imprisonment unlawful and to schedule a trial in order to establish his damages. (ECF No. 17.) Approximately one month after he filed his motion, Schwenke filed an amended complaint. (ECF No. 16-5.) Consequently, Plaintiff's motion for summary judgment stemming from his original complaint is moot. (ECF No. 16-5.) Given, however, that the causes of action raised in the original and amended petitions are nearly identical, the court also denies Plaintiff's motion for partial summary judgment for failure to comply with the requirements of federal and local summary judgment rules. *See* Fed. R. Civ. P. 56; DUCivR

56-1.

Pursuant to federal rule 56, the court may enter "partial summary judgment on a claim where there is no genuine question of material fact outstanding and the subject matter of the issue is wholly distinct and separate from other legal theories underlying the complaint." *Abbot v. Shaffer*, 564 F. Supp. 1200, 1205 (D. Utah 1983). The moving party "bears the initial burden of

making a prima facie demonstration of the absence of a genuine issue of material fact and entitlement to judgment" and must provide specific facts relied upon in order to support the motion. *Utah Republican Party v. Cox*, 178 F. Supp. 3d 1150, 1157 (D. Utah 2016) (*citing Alder v. Wal-Mart Stores, Inc.,* 144 F. 3d 664, 670) (10th Cir. 1998); *DeFrietas v. Horizon Inv. & Mgmt. Corp.,* 2008 U.S. Dist. LEXIS 5317 (D. Utah Jan. 24, 2008). Factual support for a summary judgment motion is provided through citation to "particular parts of materials in the record, including depositions, documents, . . . affidavits or declarations, stipulations, . . . , admissions, interrogatory answers or other materials." Fed. R. Civ. P. 56(c)(1).

Schwenke's motion fails to provide any evidence of record in support of his "true" factual statements (ECF No. 17 at 2), and his conclusory allegations cannot properly support summary judgment. Fed. R. Civ. P. 56. In turn, Plaintiff fails to comply with the procedural requirements set forth under local rule 56-1(b) of the Rules of Practice for the United States District Court for the District of Utah. DUCivR 56-1. Local rule 56, requires that all summary judgment motions include an introduction summarizing why summary judgment should be granted along with a section entitled "Statement of Elements and Undisputed Material Facts" that contains: "(A) [e]ach legal element required to prevail on the motion; (B) [c]itation to legal authority supporting each element (without argument); and (C) [u]nder each element, a concise statement of the material facts necessary to meet that element as to which the moving party contends no genuine issue exists." DUCivR 56-1.

For these reasons, Plaintiff's motion for partial summary judgment is denied (ECF No. 17) and Defendants' motion to stay the deadline to file a response to Plaintiff's motion is moot. (ECF No. 19.)

## DEFENDANTS' MOTION TO DISMISS

The court reviews the State Defendants' motion to dismiss in the context of the relevant standards of review.[3] In doing so, the court accepts as true all well-plead allegations set forth in Schwenke's *pro se* petition. *See Utah Gospel Mission v. Salt Lake City Corp.* 316 F. Supp.2d 1201, 1205, ftn. 4 (D. Utah  2004).  As necessary, the court takes judicial notice of relevant public records and court proceedings stemming from Schwenke's state court criminal convictions in his Salt Lake County and Millard County cases.

Through their motion, State Defendants seek dismissal of Plaintiff's complaint based on: (1) prosecutorial immunity; (2) the *Heck* doctrine; (3) the statute of limitations; (4) the definition of "person" under §1983; and (5) Utah's Government Immunity Act. (ECF No. 9.)

Each of the State Defendants' claims are addressed by court the herein.

### I.        Plaintiff's Federal Section 1983 Claims Are Subject To Dismissal.

42 U.S.C. Section 1983 is the statutory vehicle utilized by a plaintiff to sue state employees, acting "under color of state law", for alleged violations of the federal constitution. *See Jojola v. Chavez*, 55 F.3d 448, 492 (10th Cir. 1995). Specifically, the statute provides a remedy against any "person who, under color of any statute, ordinance, regulation, custom, or usage of any State . . . subjects . . . any citizen of the United States . . . to the deprivation of any rights . . . secured by the Constitution." 42 U.S.C. §1983. Section 1983 does not create "substantive civil rights, only a procedural mechanism for enforcing them." *Wilson v. Meeks,* 52 F.3d 1547, 1552 (10th Cir.1995) (*citing Gallegos v. City & County of Denver*, 984 F.2d 358, 362) (10th Cir. 1993) *cert. denied,* 125 L. Ed. 2d 662, 113 S. Ct. 2962 (1993).

Upon review, the court concludes that Schwenke's federal §1983 claims must be dismissed. In support of dismissal, the court finds that Gunnarson and Shurtleff are entitled to prosecutorial immunity, Schwenke's Salt Lake and Millard County convictions have not been invalidated, the statute of limitations period has expired and the State of Utah is not a person as defined under §1983.

### 1. There Is No Strict Supervisor Liability And Defendants Gunnarson And Shurtleff Are Entitled To Prosecutorial Immunity.

In order to prevail under §1983, a plaintiff must show that the defendant personally participated in, or had actual knowledge of, the alleged violation and there is "no concept of strict supervisor liability under section 1983." *Jenkins v. Wood*, 81 F.3d 988, 994-995 (10th Cir. 1996) (*citing Ruark v. Solano*, 928 F.2d 947, 950 (10th Cir. 1991). Other than naming him as a defendant, Plaintiff only mentions Shurtleff once stating Defendants Gunnarson and Shurtleff "knowingly and with wrongful intent, brought the following false criminal charges against" him. (ECF No. 16-5, ¶ 25.) Thus, to the extent that Schwenke's claim is based solely on Shurtleff's role as Gunnarson's supervisor, Plaintiff's claim against Defendant Shurtleff must be dismissed. *White v. Ockey*, 214 F. Appx. 462, 466 (10th Cir. 2007).

In addition, Plaintiff's §1983 claims against both Shurtleff and Gunnarson are appropriate for dismissal under the doctrine of prosecutorial immunity. Prosecutorial immunity acts as an affirmative defense to §1983 claims, and state prosecutors are entitled to absolute immunity "for activities intimately associated with the judicial process, such as initiating and pursing criminal prosecutions." *Martin v. Matthews*, 480 Fed. Appx. 471, 473 (10th Cir. 2012) (unpublished);

---

[3] *See supra* pgs. 6-8.

*Imbler v. Pachtman*, 424 U.S. 409, 47 L. Ed. 2d 128, 96 S. Ct. 984 (1976). Prosecutorial duties that are traditionally considered to be part of the "judicial process" include: "decisions to prosecute, [ ]investigatory or evidence-gathering actions, [ ]evaluation of evidence, [ ]determination of whether probable cause exists, and [ ] determination of what information to show the court," *id.* at 473 (*citing Nielander v. Bd. of County Comm'rs.,* 582 F.3d 1155, 1164 (10th Cir. 2009), as well as those "[a]cts undertaken, . . . in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of [the prosecutor's] role as an advocate for the State." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993), 113 S. Ct. 2606, 125 L. Ed. 209.

Schwenke contends State Defendants brought false charges and Defendant Gunnarson "falsely argued" to the jury. (ECF No. 16-5, ¶ 3.)  As stated, however, neither of Plaintiff's claims fall outside Defendants' roles as advocates for the State of Utah. Rather, conducting an investigation, approving a criminal case for prosecution, preparing a case for trial and arguing to a jury are part of the judicial process and considered to be actions necessary for a prosecutor to fulfill his duty as an officer of the court. *See Mink v. Suthers,* 482 F.3d 1244, 1261 (10th Cir. 2007) (*citing Pfeiffer v. Hartford Fire Ins. Co.,* 929 F.2d 1484, 1490 (10th Cir. 1991).  Because prosecutorial immunity bars §1983 claims stemming from the Defendants' advocacy as prosecutors for the State of Utah, Schwenke's claims against Defendants Shurtleff and Gunnarson must be dismissed.

## 2. Under *Heck v. Humprhrey*, A Cause Of Action Under §1983 Cannot Be Brought Until Plaintiff's Conviction Is Invalidated.

Next, under *Heck v. Humphrey*, a plaintiff may not bring an action under §1983 for damages bearing a relationship to a conviction or sentence that has not been invalidated. 512 U.S. 477, 114 S. Ct. 2364, L. Ed. 2d 383 (1994); *see also Garza v. Burnett*, 672 F.3d 1217, 1219 (10th Cir. 2012). When a plaintiff brings a claim, the court "must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Beck v. City of Muskogee Police Dep't.*, 195 F.3d 553 (10th Cir. 1999) (*quoting Heck*, 512 U.S. at 487) (footnotes omitted). In order to establish that a sentence has been invalidated, plaintiff must demonstrate that "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus . . . ." *Heck*, 512 U.S. at 486-87.

Schwenke's amended complaint seeks a declaration of innocence and a judgment in his favor would necessarily invalidate his conviction. As a result, the claim must be dismissed unless Plaintiff can establish that his conviction or sentence has been invalidated. Here, as set forth in detail by the court, none of Schwenke's convictions have been invalidated. [4] Although Plaintiff has taken numerous appeals and filed several state and federal petitions, none of his convictions have been overturned or called into question through the issuance of a writ. Accordingly, the

---

[4] *See supra* pgs. 2-5.

*Heck* doctrine provides another basis for dismissal and Plaintiff's §1983 claims against the State Defendants must be dismissed.

**3. Plaintiff's §1983 Claims Are Barred Under The Applicable Statute Of Limitations Period.**

In the alternative, Schwenke's §1983 claims are subject to dismissal as time barred under Utah's four year statute of limitations period. In the Tenth Circuit, the "forum state's statute of limitations for personal injury claims" applies to all §1983 actions. *Canfield v. Douglas Cty.,* 619 Fed. App'x. 774, 777 (10th Cir. 2015) (*citing Wallace v. Kato,* 549 U.S. 384, 387 (2007), 127 S. Ct. 1091, 166 L. Ed. 2d 973). Applied here, the relevant statute is Utah's four year limitations period applicable to all personal injury claims. *See* Utah Code Ann. §78B-2-307(3) ("An action may be brought within four years"); *see also Garza v. Burnett,* 672 F.3d 1217, 1219 (10th Cir. 2012).

In general, actions under §1983 accrue on the date of the alleged constitutional violation. *Garza*, 672 F.3d at 1219 (2012) (*citing Wallace v. Kato,* 549 U.S. 384, 388, 127 S. Ct. 1091, 1266 L .Ed. 2d 973 (2007).[5]  Plaintiff's Salt Lake County jury trial took place in 2005. (ECF No. 9-2.) Thus, the statute of limitations period on Schwenke's §1983 claim expired four years later, in 2009. Similarly, Schwenke's Millard County trial took place in 2007 and therefore the statute of limitations period ran in 2011. (ECF No. 9-11.) Accordingly, Plaintiff's §1983 were brought outside the four year statute of limitations period and are therefore subject to dismissal for lack of jurisdiction.

---

[5] However, a plaintiff advancing a claim subject to *Heck* must show the conviction "was reversed or otherwise set aside, . . . , and the claim does not accrue until the date the conviction is declared invalid. *Garza*, 672 at 1219 (2012) (citation omitted).

### 4. __The State Of Utah Is Not A "Person" Under §1983.__

Finally, remedies available under §1983, are against "persons" who violate the Constitution while "acting under color of state law" and "[n]either the state, nor a governmental entity that is an arm of the state for Eleventh Amendment purposes, nor a state official who acts in his or her official capacity is a 'person' within the meaning of §1983." *Harris v. Champion*, 51 F.3d 901, 905-06 (10th Cir. 1995), *superseded by statute on other grounds*, Fed. Courts Improvement Act of 1996, Pub. L. No. 104-317, 110 Stat. 3847 (1996); *Will v. Mich. Dep't. of State Police*, 491 U.S. 58, 70-71 (1989), 109 S. Ct. 2304, 105 L. Ed. 2d 45; *Whitesell v. Utah,* 82 Fed. Appx. 7, 8 (10th Cir. 2003) (the State of Utah is "not a person within the meaning of §1983.").

Even when a state removes its claims to federal court, waiving its Eleventh Amendment immunity, a state is not a "person" within the meaning of §1983 and cannot be sued thereunder. *Lapides v. Bd. of Regents of Univ. Sys. Of Ga.,* 535 U.S. 613, 617 (2002), 122 S. Ct. 1640, 152 L. Ed. 2d 806 ("a State is not a 'person' against whom a §1983 claim for money damages might be asserted."); *Harper v. Colorado State Bd. of Land Comm'rs.,* 248 F. App'x 4, 9 (10th Cir. 2007); *Bank of Lake Tahoe v. Bank of Am.,* 318 F.3d 914, 917-18 (9th Cir. 2003).

Defendant the State of Utah is not a "person" and Schwenke's §1983 claims against the State must be dismissed.

## II.   Plaintiff's State Law Claims Are Barred Under Utah's Governmental Immunity Act.

Schwenke's state law claims against Defendants are subject to Utah's Governmental Immunity Act (Act). (ECF No. 16-5); *see* Utah Code Ann. §63G-7-201(4).[6] The Act "is a prerequisite to vesting a district court with subject matter jurisdiction over claims against governmental entities" and grants the state and its political subdivisions "broad, background immunity" from injuries resulting from the exercise of a "government function". *Wheeler v. McPherson* 2002 UT 16 ¶9, ¶10 (citations omitted); UCA §63G-7-201(1) ("each governmental entity and each employee of a governmental entity are immune from suit for any injury that results from the exercise of a governmental function.").  A governmental function is defined as "each activity, undertaking, or operation of a governmental entity" performed by a "department, agency, employee, agent or officer of a governmental entity."  Utah Code Ann. §63G-7-102(5)(a-b).

As a prerequisite to filing suit, the Act requires all potential plaintiffs to file a formal, written Notice of Claim. *Wheeler* 2002 UT 16, ¶10; *see also* Utah Code Ann. §63G-7-401. As with all provisions of the Act, the notice requirement must be strictly followed. *Hall v. Utah State Dep't. of Corr.,* 2001 UT 34, ¶23 ("We have consistently and uniformly held that suit may not be brought against the state or its subdivision unless the requirements of the Governmental Immunity Act are strictly followed.").

---

[6] The provisions of the Governmental Immunity Act, Utah Code Ann. §63G-7-201(4), were previously located in subsection 301. In 2015, the Utah legislature amended the Act and relocated those provisions to subsection 201. The amendment did not substantively alter the provisions. Unless specifically cited from case law that predates 2015, all provisions cited herein reflect the amended subsection.

Here, Schwenke has not strictly complied with the procedural requirements of Utah's Governmental Immunity Act. Specifically, Plaintiff's state law claims must be dismissed for failure to file a timely Notice of Claim, failure to file a timely complaint, filing a deficient Notice and governmental immunity.

### 1. **Plaintiff Did Not File A Timely Notice Of Claim.**

Under the Act, any person "having a claim against a governmental entity or its employee for an act or omission occurring during the performance of the employee's duties," must file a formal, written Notice of Claim prior to filing suit. Utah Code Ann. §63G-7-401(2); *Wheeler*, 2002 UT 34, ¶10; *Pigs Gun Club, Inc., v. Sanpete Cty.,* 2002 UT 17, ¶9, 42 P.3d 379, 382; *Madsen v. Borthick*, 769 P.2d 245, 248 (Utah 1988) (proper service and strict compliance with Notice of Claim requirements are preconditions to filing suit.). A Notice must be filed within one year after the claim arises. *See* Utah Code Ann. §63G-7-402. A claim arises when "claimant knew, or with the exercise of reasonable diligence should have known: (i) that the claimant had a claim against the government entity or its employee; and (ii) the identity of the governmental entity or the name of the employee." Utah Code Ann. §63G-7-401(1)(a)(b)(i-ii).

Schwenke's Notice Of Claim was received by the Litigation Division of the Utah Attorney General's Office on August 8, 2014. (ECF No. 9-20.) In the Notice, Plaintiff asserts a "claim for damages for false prosecution and for many years of false imprisonment which is continuing, intentionally and deliberately inflicted upon Plaintiff by the State and its employees . . . ." (*Id.*) Although Schwenke mentions Millard County, he does not indicate if the Notice refers to his Salt Lake or Millard County conviction. Nonetheless, the events giving rise to both render his Notice untimely.

Plaintiff's Salt Lake County conviction was investigated and litigated between the years 2003 and 2005, with a guilty verdict rendered on June 15, 2005. (ECF No. 9-2.) Plaintiff was therefore required to file his Notice of Claim approximately one year later, in 2006. Similarly, the events giving rise to Schwenke's Millard County convictions occurred between 2005 and 2007, with a jury verdict issued on April 4, 2007. (ECF No. 9-11.) Consequently, Plaintiff was required to file his Notice of Claim in 2008. Here, however, Schwenke did not file his Notice of Claim until 2014—eight years after his Salt Lake, and six years after his Millard claim arose. *See* UCA §63G-7-401(1)(a)(b)(i-ii). Ultimately, Schwenke's failure to file a timely Notice deprives the court of subject matter jurisdiction over Plaintiff's state claims and, as a result, the claims must be dismissed.

### 2. Plaintiff Did Not File A Timely Complaint.

Next, even assuming Plaintiff had filed a timely Notice of Claim, he also failed to file a timely complaint and therefore his state claims must be dismissed.

Within sixty days receipt of a valid notice of claim, a governmental entity must inform a claimant regarding whether the claim has been approved or denied. *See* Utah Code Ann. §63G-7-403(1)(a). A claim is considered to be denied if the governmental entity does not explicitly approve or deny the claim. *Id.* Once denied, a claimant "may pursue a cause of action in the district court against the governmental entity or an employee of the entity" and "shall commence the action within one year after the denial of the claim or within one year after the denial period specified . . . ." Utah Code Ann. §63G-7-403(2)(a-b)*; see also Rushton v. Salt Lake Cty.,* 1999 UT 36, ¶ 22, 977 P.2d 1201, 1204. If an entity does not approve or deny a claim

within sixty days, than an action must be brought within the one year from the expiration of the sixty day period. *Rushton*, at ¶22.

Schwenke's Notice of Claim was received by Attorney General's Office on August 7, 2014. (ECF No. 9-20.) Under the Act, Plaintiff was required to file his complaint no later than October 1, 2015—one year and sixty days after the claim was received. Here, Schwenke filed his original complaint on February 22, 2017 (ECF No. 16-1) and his amended petition on June 30, 2017. (ECF No. 16-5.) Thus, Plaintiff failed to file a timely complaint and his state claims must be dismissed.

### 3. **Plaintiff's Notice Of Claim Was Deficient.**

Additionally, regarding Schwenke's second cause of action for "violation of petitioner's state constitutional rights against double jeopardy" the Notice was deficient and Plaintiff's claim should be dismissed. (ECF No. 16-5.) Every Notice of Claim must include: "(i) a brief statement of the facts; (ii) the nature of the claim asserted; (iii) the damages incurred by the claimant so far as they are known; and (iv) if the claim is being pursued against a governmental employee individually . . . , the name of the employee." Utah Code Ann. §63G-7-401(3)(a)(ii). Strict adherence to the Notice of Claim requirements is necessary since it allows a governmental entity the opportunity to "correct the condition that caused the injury, evaluate the claim, and perhaps settle the matter without the expense of litigation." *Larson v. Park City Mun. Corp.* 955 P.2d 243, 245 (Utah 1998) (*citing Stahl v. Utah Transit Auth.,* 618 P.2d 480, 482 (Utah 1980). While a Notice of Claim need not "meet the standards required to state a claim for relief", it must provide the entity with information "as to the nature of the claim so that the defendant can

appraise its potential liability." *Houghton v. Dep't. of Health,* 2005 UT 63, ¶21 (*citing Yearsley v. Jensen*, 798 P.2d 1127, 1129 (Utah 1990).

Schwenke's Notice of Claim is deficient. Plaintiff's Notice and attachments fail to provide the State Defendants with any information regarding a violation of his state constitutional right against double jeopardy claim. Accordingly, Schwenke's second cause of action may also be dismissed on this basis.

**4. State Defendants Are Immune From Suit Under The Act.**

As discussed, Utah's Governmental Immunity Act governs all claims against "governmental entities or against their employees" such that they are "immune from suit for any injury that results from the exercise of a governmental function." UCA §63G-7-201(1); *Manzanares v. Reyes*, 2015 U.S. Dist. LEXIS 136078 *11 (D. Utah 2015). The term "governmental entity" is defined as the state of Utah "and its political subdivision[s]" including each "office, department, division, [and] agency" of the State. Utah Code Ann. §63G-7-102(4), (10). Employees perform a "governmental function" during "each activity, undertaking, or operation of a governmental entity." UCA §63G-7-102(4)(a).

While the Act provides exceptions to immunity from suit, UCA §63G-7-202(3)(c) (i-v), governmental immunity is not waived when the injury complained of results from the "exercise or performance [of] . . . a discretionary function" or arises in a cause of action for "false imprisonment, false arrest, malicious prosecution . . . or civil rights." *Stevens v. Vernal City,* 2015 U.S. Dist. LEXIS 53107 *9-10; UCA §63G-7-201(4)(b).

In this case, Schwenke's state claims arise out of what he considers to be a wrongful prosecution and concomitant incarceration along with a violation of his right to protection

against double jeopardy. At all times relevant to these claims, Defendants Shurtleff and Gunnerson were acting within the scope of their duties for the Utah Attorney General's Office and Plaintiff's petition does not assert otherwise. In turn, the Office of the Attorney General is an arm of the state and Defendants, as prosecutors, were performing discretionary, governmental functions. *See* UCA §63G-7-102(5)(b).

Accordingly, pursuant to Utah's Governmental Immunity Act, State Defendants are immune and Schwenke's state law claims against the State Defendants must be dismissed.

## **RECOMMENDATION**

For the reasons set forth above, the Court hereby RECOMMENDS the following:

(1) Plaintiff's motion for partial summary judgment be DENIED (ECF No. 17);

(2) Defendants' motion to stay response is MOOT (ECF No. 19); and

(3) Defendants' motion to dismiss be GRANTED. (ECF No. 9.)

Copies of the foregoing Report and Recommendation are being sent to all parties who are hereby notified of their right to object. Within fourteen (14) days of being served with a copy, any party may serve and file written objections. *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b). Failure to object may constitute a waiver of objections upon subsequent review.

DATED this 16th day of October, 2017.

BY THE COURT

_____
DUSTIN B. PEAD
Magistrate Judge
United States District Court